No. 03-583

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 270N

CENTRON SERVICES, INC.,

        Plaintiff and Respondent,

    v.

ALBERT J. PERUCCA,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADV 2002-533,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Albert J. Perucca (pro se), Great Falls, Montana

        For Respondent:

            David Hull, Attorney at Law, Helena, Montana

                Submitted on Briefs:  January 21, 2004

                      Decided:  September 28, 2004

Filed:

                _____
                              Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 We have determined to decide this case according to Section I, Paragraph 3(d)(i), Montana Supreme Court Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2 Albert J. Perucca (Perucca), appearing *pro se*, appeals from the judgment and order of the Eighth Judicial District Court, Cascade County, granting summary judgment in favor of Centron Services, Inc. (Centron). The District Court concluded that physicians are not precluded from charging the general public (non-Medicaid patients) a usual and customary fee even though the charge may be higher than the Medicaid rate. The District Court also concluded there were no issues of material fact with regards to the services provided to Perucca, the amount charged for the services, the insurance payments credited, or the balance owed by Perucca. We affirm.

¶3 The issue on appeal is whether the District Court erred when it concluded the federal Medicaid laws do not preclude physicians from charging non-Medicaid patients the usual and customary charge. Perucca received medical services from the Great Falls Clinic (the Clinic) as a non-Medicaid, non-Medicare patient, who had insurance through Conseco Medical Insurance. The Clinic billed Perucca its usual and customary charge for services rendered. All offsets, credits, discounts and insurance payments were credited to the account. The Clinic sent Perucca monthly billing statements from June 5, 1999, through

2

September 7, 2000, but received no response or payment from Perucca. The Clinic assigned the account to Centron for collection. Centron then filed suit against Perucca in Justice Court to collect on the account. Judgment was granted to Perucca in Justice Court and Centron filed an appeal in District Court.

¶4    On appeal, Perucca asserts that under his reading of the federal Medicaid laws, the Clinic was required to charge him, a member of the general public, the same amount for medical services as it would have charged a Medicaid patient for the same services. We disagree.

¶5    There is no legal support for Perucca's theory that the general public may not be charged more than the Medicaid rates. Pursuant to the Medicaid Act, Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et. seq*., the federal government is authorized to reimburse states who provide medical assistance to eligible low income persons. Participation in the program is voluntary; however, if a state elects to participate, the state must comply with all federal statutory and regulatory mandates. One such regulation provides for the exclusion of providers who attempt to charge the Medicaid program more than the provider's usual and customary charge to the general public. *See* 42 C.F.R. § 1001.701(a)(1). The purpose of this Medicaid regulation is to prevent providers from submitting bills to the government which are substantially in excess of their usual and customary charges unless there is good cause. 42 C.F.R. § 1001.701(c)(1). The purpose of the regulations, is not, as Perucca asserts, to require physicians to charge the general public the same amount as it would charge Medicaid patients for the same services.

¶6    Accordingly, the Clinic was not required under federal Medicaid laws to charge

Perucca, a non-Medicaid patient, at the Medicaid rate. The Clinic properly billed Perucca for the specific services rendered. Because Perucca failed to make any payments on the account, the Clinic assigned the account to Centron for collection. Centron then filed suit in order to collect the debt owing from Perucca. Centron is entitled to payment as assignee of Perucca's account.

¶7 On the face of the briefs and the record before us on appeal, it is manifest that the appeal is without merit because the District Court correctly interpreted legal issues clearly controlled by established law. The record establishes that there are no material facts at issue. The issue regarding the Fair Debt Collection Practices Act, which Perucca attempts to raise on appeal, was neither pled nor raised in the District Court. It is not properly before us on appeal.

¶8 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ JIM REGNIER

4